# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cr-20136-ALTONAGA

UNITED STATES OF AMERICA,

vs.

ALEXANDRU RADU ORBULETU
    a/k/a "Jan Vrkoc",

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Alexandru Radu Orbuletu ("Defendant"). [ECF No. 16]. Based upon the change of plea hearing conducted on May 5, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Altonaga.

Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.      The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3.      Defendant pled guilty to Counts 1, 2, and 3 of the Indictment filed in this case, which charge him with the following violations: Title 18, United States Code, Section 1543 (Forgery or False Use of a Passport) (Count 1); Title 8, United States Code, Section 1326 (Illegal Reentry of a Removed Alien) (Count 2); and Title 18, United States Code, Section 1029(a)(4) (Possession of Device-Making Equipment) (Count 3). I advised Defendant that as to Count 1, the maximum penalty the Court may impose is a sentence of ten (10) years' imprisonment, followed by a term of supervised release of up to three (3) years. I also advised Defendant that the maximum penalty the Court may impose for Count 2 is a sentence of two (2) years' imprisonment, followed by a term of supervised release of up to one (1) year. I also advised Defendant that the maximum penalty the Court may impose for Count 3 is a sentence of fifteen (15) years' imprisonment, followed by a term of supervised release of up to three (3) years. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $250,000 per count pursuant to 28 U.S.C. § 3571, in addition to a mandatory special assessment of $100 per count, which is due at the time of sentencing, and may order forfeiture and restitution. I also advised Defendant that if he is not a United States citizen, his conviction may lead to his removal from the United States. Defendant

acknowledged that he understood the possible penalties, including the maximum penalties that could be imposed in the case.

4.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged. The Government's proffer, signed by counsel for the Government and Defendant, was filed with the Court. [ECF No. 19]

5.      The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. [ECF No. 18] I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1, 2, and 3  of the Indictment;  the parties agree to a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines; and the Government will also recommend that Defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The Government will not be required to make these motions or recommendations unless Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement, or if Defendant is found to have misrepresented facts to the Government prior to entering into a plea agreement. The parties also agree to jointly recommend the following regarding Defendant's applicable Guidelines Sentence:

a.  As to Count 1, the parties will jointly recommend:

    i.  that Defendant receives a two-level increase because Defendant was previously deported, pursuant to Section 2L2.2(b)(1) of the Sentencing Guidelines; and

    ii.  that Defendant receives another two-level increase because the offense involved a foreign passport, pursuant to Section 2L2.2(b)(3)(B) of the Sentencing Guidelines.

b.  As to Count 3, the parties will jointly recommend:

    i.  that Defendant's base offense level be a six;

    ii.  that the relevant amount of actual, probable, or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is $93,540, resulting in a six-level increase;

    iii.  that Defendant should receive a two-level increase because the offense involved sophisticated means and Defendant intentionally engaged in or caused the conduct constituting sophisticated means, pursuant to Section 2B1.1(b)(10)(C) of the Sentencing Guidelines;

    iv.  that Defendant should receive a two-level increase because the offense involved device-making equipment, pursuant to Section 2B1.1(b)(10)(C);

    v.  that the offense level will be increased by three, pursuant to the grouping rules in Sections 3D1.2 and 3d1.4 of the Sentencing Guidelines; and

vi.   that the applicable combined offense level is Level 19.

There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

6.      Defendant acknowledged that he agreed to forfeit any right, title, and interest to all property, real or personal, which constitutes or is derived from proceeds traceable to the Title 18 violations. The parties notified the Court that the Government has filed a Bill of Particulars as to Criminal Forfeiture, which filed on April 5, 2023. [ECF No. 13]. The property identified in the Bill of Particulars includes approximately $23,810 in United States currency seized on or about March 14, 2023. The Government informed the Court that it will also be seeking forfeiture of the forged and altered Czech Republic passport in the name of "Jan Vrkoc," bearing the Defendant's image.   The parties also notified the Court that Defendant will cooperate fully with the Government in the identification of additional assets subject to forfeiture. Defendant waived all defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. Defendant further acknowledged that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

7.      Defendant agreed that he waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Based upon Defendant's acknowledgement and responses to my questions during the hearing, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary

8.     Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

9.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

10.    Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1, 2, and 3 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

11.    A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing before Judge Altonaga will be set by a separate order.

12.    The parties will have fourteen (14) calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 8<u>th</u> day of May

2023.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record